IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOIS WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, KEVIN STEVENSON AND JUDITH SCOTT <br><br> Defendants. | Case No.: 1:22-cv-02631 <br><br> Judge: Honorable John Robert Blakey <br><br> Magistrate Judge: Jeffrey Cummings |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, PORTFOLIO RECOVERY ASSOCIATES, ("PRA") by its attorneys, David M. Schultz and Ruddy S-A. Abam of Hinshaw & Culbertson LLP and for its Answer to Plaintiff's Complaint, states as follows:

**COMPLAINT**

The Plaintiff(s) claim(s) as follows:

A letter was sent via certified mail 2/22/2022 regarding validation of alleged debts and accounts that PORTFOLIO RECOVERY ASSOCIATES LLC claimed was owed to them.

**ANSWER:** PRA admits the allegations contained in the above paragraph. PRA further states that a total of seven (7) accounts were placed with it due to outstanding financial obligations owed by Plaintiff. On separate occasions, PRA informed Plaintiff that her accounts, ending in numbers 8814, 3140, 3824, 1194, 8488, 9964, and 4032 had been placed with it, hence all future correspondence should be directed to PRA. PRA admits that on or around February 22, 2022, a dispute letter from plaintiff was processed, concerning plaintiff's request that the debts owed be validated by PRA.

Validation of alleged debts and accounts was not validated. The false and misleading reporting has decreased credit score significantly and cost time, denials, opportunity for approvals, and lost of losing out on major offers.

**ANSWER**: **PRA denies the allegations contained in the above paragraph. PRA further states that plaintiff failed to timely notify it of plaintiff's dispute and validation requests, within the thirty-day period provided for, pursuant to 15 U.S.C. § 1692g. First, PRA initially communicated separate letters to plaintiff regarding placement of the accounts by the original creditors. In addition, PRA states that the letters communicated account details to plaintiff, including creditor names, account numbers, debt balances, placement dates, and particularly the required statement notifying plaintiff of her right to verification of the debt "upon the consumer's written request within the thirty-day period" 15 U.S.C. § 1692g. Plaintiff was fully informed of her accounts information and the requisite validation notice including on, but not limited to, 07/16/2015 for account ending in number 8488; 01/31/2019 for account ending in number 84114; 05/12/2016 for account ending in number 9964; 03/05/2019 for account ending in number 3140. However, plaintiff's dispute letters and validation requests were dated 02/22/2022 and later received by PRA well after the thirty-day window obligated under the Act. Therefore, PRA states that plaintiff failed to properly and timely request validation of the debts owed on the accounts, for reasons not attributable to the Defendants.**

## AFFIRMATIVE DEFENSES

Defendant, PORTFOLIO RECOVERY ASSOCIATES, by and through its undersigned counsel, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

### First Affirmative Defense—BONA FIDE ERROR

1. Defendant denies it violated the FDCPA. But, to the extent that any such violations may have occurred, Defendant affirmatively states that any violation of the Fair Debt Collection

Practices Act was not intentional and would have resulted from a *bona fide error* notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Defendant maintains procedures and protocols to comply with and conform to the requirements of the Fair Debt Collection Practices Act. These procedures and protocols are reasonably adapted and applied to avoid any violation of the FDCPA, such as the one alleged in this case.

### Second Affirmative Defense—FAILURE TO MITIGATE

2. Defendant denies that Plaintiff has suffered any damages as a result of any actions of Defendant. Defendant further denies that it is liable to Plaintiff for any such damages. To the extent Plaintiff suffered any damages, which Defendant denies, Plaintiff could have, by reasonable effort, timely mitigated the damages alleged, but Plaintiff failed to do so. Thus, the extent of Plaintiff's damages, which Defendant expressly denies, should be reduced by the amount that Plaintiff could have reasonably mitigated by proper action.

### Third Affirmative Defense—UNCLEAN HANDS/ESTOPPEL

3. Plaintiffs' claims are barred in whole or in part by operation of the doctrines of waiver, estoppel, and/or unclean hands. Defendant denies that Plaintiff has suffered any damages as a result of any actions of Defendant. Defendant further denies that it is liable to Plaintiff for any such damages.

### RESERVATION OF RIGHTS

Defendant reserves all other available affirmative defenses and any other defenses at law or in equity that may now or in the future be available based on discovery or other factual investigations concerning this case.

WHEREFORE, Defendant, PORTFOLIO RECOVERY ASSOCIATES, respectfully requests that this Court enter an order and judgment in Defendant's favor against plaintiff as follows:

1051266\310803596.v1

1. Dismissing the Complaint in its entirety against Defendant with prejudice and on the merits;

2. Awarding Defendant such other and further relief as the Court deems just and proper.

Date May 25, 2022

Respectfully submitted,

PORTFOLIO RECOVERY ASSOCIATES

*/s/ Ruddy S-A. Abam*

David M. Schultz
Ruddy S-A. Abam
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500,
Chicago, IL 60606
Tel: 312-704-3000
E-mail: dschultz@hinshawlaw.com
E-mail: RAbam@hinshawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2022, I electronically filed the foregoing **Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day and was served upon all parties of record via the Court's CM/ECF system and/or by using Mail and U.S. Mail.

*Pro Se*
Lois Washington
2838 83rd Street
Chicago, IL 60652
Telephone: (773) 999-4845

*/s/ Ruddy S-A. Abam*